JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant,
v. SAM EGGLAND et al., Appellees.

No. 44100.

JANUARY 10, 1939.

Donnelly, Lynch, Anderson & Lynch, for appellant.

Welty, Soper & Welty, and Bert B. Welty, for appellees.

John H. Mitchell, Attorney General, Charles W. Wilson, Asst. Attorney General, and Henry J. Roelofs, Spec. Asst. Attorney General, Amici Curiae.

MITCHELL, C. J.—On June 20, 1932, the John Hancock Mutual Life Insurance Company instituted its action for the foreclosure of a real estate mortgage covering 160 acres of farm land in Story County, given to secure a note in the principal sum of $16,000. Judgment and decree of foreclosure was entered in said cause on October 28, 1932, in the amount of $17,505.45. On November 30, 1932, the real estate was sold to John Hancock Mutual Life Insurance Company for the sum of $16,437.78. Pursuant to a stipulation entered into between the appellant and appellee title-holder a grant of possession was executed by said title-holder to the Insurance Company, granting unto it the

right of possession to said real estate from March 1, 1933, to the end of the redemption period, as follows:

"By this grant the John Hancock Mutual Life Insurance Company obtains the right of possession of said real estate to the end of said redemption period, and that said Company, its tenants and assigns, will be entitled to hold said possession and to have all the benefits thereof to the end of said period,"

the consideration for said grant being the cancellation and satisfaction of the balance remaining unpaid on said judgment after the application of the special execution sale proceeds.

On the application of appellees an order was entered on December 15, 1933, extending the redemption period to March 1, 1935, and adjudging that the appellant was entitled to retain possession of said real estate under its said grant during said extended period. Upon the application of appellees an order was entered on March 13, 1935, extending the redemption period to March 1, 1937, adjudging that the appellant was entitled to possession of said real estate during said extended period. On February 26, 1937, an application was filed in this cause by appellees for an extension of the redemption period to March 1, 1939. At the time of the hearing on the last application for extension, after applying the amount of moneys collected as rentals, there was due on the certificate of purchase the sum of $19,600. The court granted the extension and the John Hancock Mutual Insurance Company has appealed.

One of the contentions of the appellant is that the moratorium statute under which the extension of time was granted is unconstitutional.

This question has been before this court. After careful consideration, this court, in the case of First Trust Joint Stock Land Bank of Chicago v. Arp, 225 Iowa 1331, 283 N. W. 441, held the moratorium act was unconstitutional. That case is controlling in the case at bar, and it necessarily follows that this case must be, and it is hereby, reversed.—Reversed.

HAMILTON, SAGER, STIGER, BLISS, HALE, and MILLER, JJ., concur.