METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. P. E. KULP McDONALD et al., Appellees.

No. 44522.

JANUARY 17, 1939.

Morling, Carmichael & Morling, and Tinley, Mitchell, Ross, Everest & Geiser, for appellant.

Kelly & Kelly, for appellees.

MITCHELL, C. J.—On August 30, 1924, P. E. Kulp, D. E. Kulp and Matilda K. Kulp executed and delivered to George A. Rich their promissory note in the amount of $29,000, due September 1, 1929, bearing interest at the rate of five per cent per annum, secured by a real estate mortgage upon certain real estate located in Palo Alto County, Iowa. The said George A. Rich on October 25, 1924, sold, assigned and transferred to the Metropolitan Life Insurance Company the note together with the mortgage securing same.

Default having occurred on October 20, 1932, the Metropolitan Life Insurance Company filed its petition for the foreclosure of said mortgage and for judgment on said note. On April 10, 1933, a decree was entered in said action, which pro-

vided for a judgment in rem against the mortgaged real estate in the sum of $33,949.35, with interest at eight per cent from April 10, 1933, and the costs of the suit taxed at $408.88, and further decreed the foreclosure of the mortgage as against all of the defendants and the real estate described in the mortgage.

Pursuant to the decree a special execution issued for the sale of the real estate. On May 15, 1933, said real estate was sold to the Metropolitan Life Insurance Company at sheriff's sale, for the sum of $34,651.33. Thereafter the Insurance Company filed certificates of prior lien showing payment of taxes in the aggregate amount of $919.66.

On April 10, 1934, an order was entered on application by the defendants, extending the time of redemption from sheriff's sale to March 1, 1935; and on April 6, 1935, upon another application, the period of redemption was extended to March 1, 1937; on February 27, 1937, another motion was filed for extending the period of redemption, and an order was entered extending time until March 1, 1939. It is from this order that the plaintiff has appealed.

The extension was granted under what is commonly known as the moratorium law.

After careful consideration at this term of court, in the case of The First Trust Joint Stock Land Bank of Chicago v. Arp, 225 Iowa 1331, 283 N. W. 441, this court has held said act unconstitutional.

The opinion in that case is controlling in the case at bar, and it necessarily follows that this case must be, and it is hereby, reversed.—Reversed.

HAMILTON, SAGER, STIGER, OLIVER, BLISS, MILLER, and HALE, JJ., concur.